## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

THELMA GARDNER,

     Plaintiff,

v.                                    Case No: 8:15-cv-1108-T-24EAJ

BAY AREA CREDIT SERVICES, LLC,

     Defendant.

_____

### ORDER

This cause comes before the Court on Defendant's Motion to Dismiss (Dkt. 8), and Plaintiff's Response in Opposition (Dkt. 9). The Court, having reviewed the motion, response, and being otherwise advised, concludes that the motion should be dismissed without prejudice.

### I.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must make sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). Plausibility requires that the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The complaint need not include detailed factual allegations, but it must set forth more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) (internal quotation marks and citation omitted).

The Eleventh Circuit follows a two-step approach in evaluating a motion to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283,

1290 (11th Cir. 2010) (citation omitted). Factual allegations satisfy the plausibility standard if they "raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Twombly*, 550 U.S. at 556.

## II.   DISCUSSION

Defendant argues that the plaintiff's complaint should be dismissed because it fails to give the defendant proper notice of the claims and because it is a quintessential shotgun pleading. (Dkt. 8, p. 4). In addition, the defendant argues that the allegations are conclusory and fail to state a claim for relief under as per *Twombly* and *Iqbal*. (Dkt. 8, p. 5). This Court agrees.

Plaintiff's claims under FDCPA § 1692d and FCCPA § 559.72(7) lack sufficient factual information to satisfy the burden set forth in *Twombly* and *Iqbal*. Both claims require that the plaintiff plead some set of facts suggesting conduct that might plausibly be harassing. *See Tucker v. Malcolm S. Gerald & Assoc., Inc.*, No. 3:09-cv-1183-J-12JRK, 2010 WL 1223912, at *2 (M.D. Fla. March 24, 2010). Plaintiff fails to plead sufficient factual allegations to support either claim. The plaintiff alleges that the defendant called her cell phone using an automated dialing system, but fails to describe the frequency, pattern, or dates of the calls. (Dkt. 1, ¶¶ 39-40). While the plaintiff alleges the defendant continued to contact her after June 9, 2013, the plaintiff does not state when or how many times after June 9, 2013 the defendant contacted the plaintiff. (Dkt. 1, ¶¶ 9, 58).

The plaintiff's claim that the defendant continued to contact plaintiff against her wishes "in a manner designed to harass" is merely a legal conclusion. (Dkt. 1, ¶ 61).Simply repeating this statement without factual support does not cure the complaint's defects. Without more specific factual allegations, the plaintiff's claims under FDCPA § 1692d and FCCPA § 559.72(7) fail to state a plausible claim for relief. *See Twombly*, 550 U.S. at 55.

Plaintiff's claim under § 1692c is insufficient for two reasons. First, the plaintiff fails to clearly lay out which factual allegations support the alleged violations under § 1692c. When the court is left to its own devices to sift through irrelevant factual allegations then a dismissal is warranted. *See Liste v. Cedar Fin.*, No 8:13-cv-3001-T-30AEP, 2014 WL 1092347, at *2 (M.D. Fla. Mar. 19, 2014). Second, the list of multiple choice factual alternatives that the plaintiff provides makes large portions of the factual allegations confusing and contradictory. The complaint is indicative of the formulaic recitation of elements that *Twombly* and *Iqbal* sought to avoid. *See Christman*, 416 F. App'x at 841.

## III.   CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** that the motion to dismiss is **GRANTED** without prejudice. Plaintiff shall have until **Friday, July 10, 2015** to file an amended complaint. In the amended complaint, Plaintiff should allege specific facts regarding time, frequency, and date of any additional phone calls made by the defendant. Furthermore, the plaintiff should not plead multiple choice alternatives and instead support its legal conclusions with specific, actual factual allegations.

**DONE AND ORDERED** at Tampa, Florida, this 26th day of June, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record