**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

THELMA GARDNER,

Plaintiff,

v. Case No: 8:15-cv-1108-T-24EAJ

BAY AREA CREDIT SERVICES, LLC,

Defendant.

---

**ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 18), and Plaintiff's Response in Opposition (Dkt. 19). The Court, having reviewed the motion, response, and being otherwise advised, concludes that the motion should be granted, and the First Amended Complaint should be dismissed without prejudice.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Plaintiff must make sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). Plausibility requires that the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The complaint need not include detailed factual allegations, but it must set forth more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) (internal quotation marks and citation omitted).

The Eleventh Circuit follows a two-step approach in evaluating a motion to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (citation omitted). Factual allegations satisfy the plausibility standard if they "raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Twombly*, 551 U.S. at 556.

## II. DISCUSSION

Defendant argues the First Amended Complaint should be dismissed because it fails to provide Defendant fair notice of Plaintiff's claims and is a "shotgun" pleading. (Dkt. 18, p. 5). Defendant also asserts the First Amended Complaint does not plead sufficient facts to support Plaintiff's claims and contains "multiple choice alternatives" in contravention of the Court's Order dismissing Plaintiff's original complaint (Dkt. 11). While Plaintiff argues she has adequately alleged the elements of claims under the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"), Plaintiff's response includes additional facts not alleged in the First Amended Complaint and requests leave to amend the complaint in order to cite specific statutes under which Plaintiff seeks relief. (Dkt. 19, pp. 1, 2).[1]

As with the original complaint, the First Amended Complaint does not provide Defendant adequate notice of the claims against it as required by Fed. R. Civ. P. 8(a)(2). As Plaintiff concedes in her response, the First Amended Complaint does not identify all of the statutory provisions pursuant to which Plaintiff claims to seek relief. The First Amended Complaint also cites to the FDCPA's section on Congressional findings and declaration of purpose, 15 U.S.C. 1692(c) and

[1] With regard to the contradictory allegations set forth in paragraphs 25-31of the First Amended Complaint, Plaintiff asserts that these paragraphs were inadvertently included in the First Amended Complaint.

(d), without explanation.[2] The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, *supra*, 127 S. Ct. at 1959. Here, the First Amended Complaint fails to completely and correctly identify the specific statutory provisions under which Plaintiff seeks relief; thus, it falls short of providing Defendant notice of Plaintiff's claims. *See W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, No. 206CV-118FTM-29DNF, 2006 WL 3837366, at *4 (M.D. Fla. Dec. 29, 2006) (finding that a complaint's vague references to statutory provisions supporting the plaintiff's claims fell short of the adequate pleading notice requirement, stating: "Neither defendants nor the Court should be required to guess at the identity of the applicable statutory claims.").

The First Amended Complaint also fails to meet Rule 8(a)(2)'s requirements because it constitutes a "shotgun" pleading. The two counts in the First Amended Complaint both "re-allege and incorporate[]" every preceding allegation. (Dkt. 16, ¶¶ 60, 63). A pleading drafted in this manner contravenes Rule 8(a)(2)'s requirement for a short and plain statement of the claim and disregards Fed. R. Civ. P. 10(b)'s requirement that discrete claims should be plead in separate counts. *See Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam). Moreover, due to Plaintiff's "inadvertent" inclusion of several contradictory factual allegations, each count of the First Amended Complaint incorporates factual allegations that are irrelevant to its claim, requiring the Court to "sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n. 9 (11th Cir.2002) (citations omitted). Therefore, the First

[2] Plaintiff asserts claims in Count I under 15 U.S.C. § 1692(c) and 15 U.S.C. § 1692(d). (Dkt. 16, p. 4). Sections 1692(c) and (d) refer to Congressional findings and the declaration of purpose for the FDCPA, thus, Plaintiff's claims are not properly plead pursuant to either of these provisions. The Court is left to guess from the context of the complaint that the Plaintiff meant to assert claims under 15 U.S.C. § 1691c and 15 U.S.C. § 1691d.

Amended Complaint is due to be dismissed. *See Frantz v. Walled*, 513 F. App'x 815, 821 (11th Cir. 2013).

In addition to the defects described above, the First Amended Complaint lacks sufficient factual allegations to satisfy the burden set forth in *Twombly* and *Iqbal* as to Plaintiff's purported claims. A claim for violation of the FDCPA must allege "the defendant has engaged in an act or omission prohibited by the FDCPA." *See Smith v. ARS Nat. Servs. Inc.*, No. 6:14-CV-2117-ORL-40, 2015 WL 2088971, at *1 (M.D. Fla. Apr. 20, 2015). Therefore, in addition to identifying the specific sections of the FDCPA that Defendant's actions violated, Plaintiff must also identify facts showing that Defendant's act or omission was prohibited by the FDCPA. With regard to Plaintiff's FCCPA claims, "To plead a FCCPA claim, a party must allege 'knowledge or intent by the debt collectors in order to state a cause of action.'" *Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1309 (S.D. Fla. 2009) (internal citations omitted) (dismissing FCCPA claim with prejudice where the plaintiff failed to plead any facts that the defendants had knowledge that they were pursuing a debt that they were not legally entitled to). Therefore, in addition to identifying the specific sections of the FCCPA that Defendant's actions violated, Plaintiff must also identify facts showing that Defendant had actual knowledge of the impropriety or overreach of its claims. *Id.*

## III. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** that the motion to dismiss is **GRANTED** without prejudice. Plaintiff shall have until **October 16, 2015** to file an amended complaint. No further amendments will be allowed without a showing of good cause. Plaintiff's amended complaint should comply with the Court's directions contained in this Order and the Court's previous Order (Dkt. 11). Specifically, the amended complaint should: (1) identify the specific statutory provisions pursuant to which Plaintiff seeks relief and allege facts supporting each

element thereof; (2) comply with the Federal Rules of Civil Procedure, including Rules 8(a)(2) and 10(b); and (3) not plead multiple choice alternatives.

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of October, 2015.

Susan C. Bucklew

SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record and Parties